**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| CHERYL ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:22-cv-06126-DGK |
| | ) | |
| DOLGENCORP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DIRECTING THE PARTIES TO CLARIFY DEFENDANT'S CITIZENSHIP**

This lawsuit stems from an accident that allegedly occurred at Defendant's store in Daviess County, Missouri. The Complaint alleges the Court possesses subject matter jurisdiction over this dispute pursuant to the Court's diversity jurisdiction. ECF No. 1.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The threshold question for every federal court in every case is whether it possesses subject matter jurisdiction. If the court determines at any time that it does not, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

To invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The party invoking federal jurisdiction bears the burden of establishing it. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

After reviewing the Complaint and the Answer, ECF No. 3, the Court cannot determine whether there is complete diversity of citizenship here. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).[1] The Complaint and the Answer both assert that Defendant is a foreign limited liability company authorized to do business in the state of Missouri, but they do not identify the citizenship of Defendant's members. So the Court cannot determine Defendant's citizenship from the existing record.

The Court ORDERS the parties to submit a brief within fourteen days providing the name and citizenship of each of Defendant's members so it can determine whether it has subject matter jurisdiction. Ideally, the parties will be able to stipulate as to citizenship of each of Defendant's members and no discovery or adversarial briefing on this issue will be necessary.

**IT IS SO ORDERED.**

Date:   January 31, 2023                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[1] If a member of a limited liability company is itself another limited liability company, the analysis requires "drilling down" into the next limited liability company to determine its membership as well.